IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN MARINKOVIC                     *

    Plaintiff *pro se*              *

v.                                    *   CIVIL ACTION NO. GLR-14-692

GEORGE MICHEL, *CEO*                  *
BOSTON MARKET
d/b/a BOSTON MARKET,                  *
SUN CAPITAL PARTNERS, INC.
                                      *

    Defendants

*****

## **MEMORANDUM**

    Melvin Marinkovic (hereinafter referred to as "Plaintiff") who lists a Hermitage, Pennsylvania residential address, filed this self-represented action on March 10, 2014, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Affording the Complaint a generous construction he also appears to invoke a claim of involuntary servitude under the Thirteenth Amendment. He files suit against Boston Market, its Chief Executive Officer George Michel, and Sun Capital Partners, all based in Colorado (Compl.).

    Plaintiff claims Defendants perpetrated a fraud on him when they hired him as an employee at their restaurant in Gambrills, Maryland. He alleges that he was hired to work on an hourly basis, part time, starting January 3, 2014, and was to be paid by direct deposit commencing the following week. Plaintiff complains that this payment did not occur and that Defendants knew at the time of his hiring that they would not pay him the following week as represented. Plaintiff complains that he was not paid for five days of work; because he was not paid, he could not afford to get to work and that this "ended the job." Compl. at pp 1-5. Because he appears indigent, Plaintiff

shall be granted leave to proceed in forma pauperis. His Complaint, however, shall be dismissed for lack of subject matter jurisdiction.

The legal basis for invoking the Court's federal diversity jurisdiction presumably relates to the claim that Defendants engaged in fraud to gain Plaintiff's employment, by telling him he would be paid by direct deposit commencing the week after his start date. Federal district courts are courts of limited original jurisdiction and they do not sit to review every claim involving alleged fraudulent conduct. This Court has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Plaintiff is a resident of Pennsylvania and lists Defendants as maintaining a corporate residence in Colorado. He contends that the contractual agreement was made with Defendants in Maryland. Assuming Plaintiff may properly invoke diversity jurisdiction in this district under 28 U.S.C. §§ 1332, 1391(b) & (c), the Complaint nonetheless does not meet federal diversity requirements. "It is a firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction." McDonald v. Patton, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. Id. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will

be dismissed for want of jurisdiction. See St. Paul Mercury Indem. Co. v. Red. Cab Co., 303 U.S. 283, 289 (1938); see also Shanaghan v. Cahill, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case, although Plaintiff seeks $11,950,000.00 in cumulative damages, his Complaint references Defendants' failure to pay his salary for part-time work over the course of a one-week period. The Complaint does not meet the jurisdictional amount of $75,000.00. See 28 U.S.C. § 1332(a) (in diversity matter the amount in controversy must exceed the sum or value of $75,000.00). Therefore, the case shall be dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.[1] A separate Order shall be entered in accordance with this Memorandum.

March 26, 2014

/s/
_____
George L. Russell, III
United States District Judge

---

[1] With regard to Plaintiff's Thirteenth Amendment claim, the statutory prohibition against involuntary servitude is limited to cases involving compulsion of services by use or threatened use of physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 944 (1988). Where, as here, Plaintiff seemingly claims that Defendants intentionally strung him along by creating check-producing obstacles so as to obtain work product from him without payment of salary, the Thirteenth Amendment is simply not implicated.